# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| SAFRON HUOT,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES; et al.,<br><br>Defendants. | CV-17-59-BU-BMM-JCL<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Safron Huot's complaint reflects that she seeks to challenge in this federal forum the termination of her parental rights by the courts of the state of Montana. (Doc. 10 at 1-2.) Ms. Huot's complaint indicates that she has filed an identical complaint in numerous United States District Courts throughout the country. *Id.*

All events giving rise to Ms. Huot's complaint occurred in the state of Montana, and, therefore, venue is proper in this District. 28 U.S.C. § 1391(b). Ms. Huot advances a claim under 42 U.S.C. § 1983 for injunctive and monetary relief. This claim invokes federal question jurisdiction under 28 U.S.C. § 1331. The Court

1

must analyze whether it may assert federal question jurisdiction over Ms. Huot's claims.

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on October 11, 2017. (Doc. 10.) Ms. Huot filed a timely objection on October 23, 2017. (Doc. 11.) Ms. Huot argues that it would be a conflict of interest for this issue to be presented before the Montana Supreme Court. *Id.* at 2. Ms. Huot has previously appealed the Montana Supreme Court's decision in her case three times. *Id.*

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections, however, constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the original response, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Judge Lynch determined that Ms. Huot's claim stems from the underlying case terminating the parental rights to her twin children. The termination of Ms.

Huot's parental rights are extensively detailed in two Montana Supreme Court decisions. (Doc. 10 at 2.) In this case, Ms. Huot names as defendants the Montana Department of Health and Human Services ("DPHHS"), the Montana Supreme Court, the Third Judicial District Court, District Judge Dayton, numerous attorneys who represented the DPHHS and Anaconda Deer Lodge County, and a variety of trial witnesses. *Id.* at 4.

Judge Lynch determined that this Court is precluded from exercising jurisdiction over Ms. Huot's claim by the "*Rooker-Feldman* doctrine." *Id.* The *Rooker-Feldman* doctrine dictates that a federal district court lacks jurisdiction to review a state court judgment. Ms. Huot seeks to have this Court review the judgment of the Montana Supreme Court affirming the trial court's termination of her parental rights. Judge Lynch recommends that this action should be dismissed for lack of jurisdiction. *Id.* at 5.

Ms. Huot's objection constitutes an attempt to engage the district court in a relitigation of the same arguments set forth in the original complaint. The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 10), is ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that this matter is dismissed for lack of jurisdiction.

DATED this 15th day of November, 2017.

Brian Morris
United States District Court Judge